E-FILED
Monday, 21 December, 2009  02:38:17 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| MADISON CAPITAL d/b/a Madison Funding LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No.  09-CV-1061 |
| WILDWOOD INDUSTRIES, INC., GARY K. WILDER and TONI JO WILDER, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

On February 17, 2009, Plaintiff filed its Complaint herein and paid all filing fees in full.  On February 25, 2009, service was executed upon all Defendants (d/es 4, 5, 6).   On March 10, 2009, counsel for Defendants Gary K. Wilder and Toni Jo Wilder filed a motion for extension of time to answer  (d/es 7)[1].  All Defendants have failed to file an answer or any type of response to Plaintiff's Complaint.   On March 24, 2009, the undersigned entered a Text Order acknowledging that a suggestion of bankruptcy had

---

[1]Attorney David G. Lubben later filed a motion to withdraw as counsel for the Wilder Defendants (d/e 9) which was allowed and Defendants were advised by Text Order of 3/23/2009 that if they failed to obtain replacement counsel, they would be considered *pro se.*

been filed in a number of other civil cases regarding Defendant Wildwood Industries, Inc. and directed Plaintiff's counsel to review the bankruptcy issue concerning this Defendant and take appropriate action.  On April 7, 2009, Plaintiff's counsel filed a Status Report ("Response", d/e 10) taking the position that an automatic stay would be in effect in this case as to Defendant Wildwood Industries, Inc.  The Court agreed by Text Order of April 13, 2009 and stated the case would proceed against Defendants Gary K. Wilder and Toni Jo Wilder.   On May 5, 2009, the Court entered a Text Order acknowledging receipt of Petitions for Involuntary Bankruptcy relating to Defendants Gary K. Wilder and Toni Jo Wilder and entered an automatic stay.

     On November 4, 2009, the undersigned entered a Text Order directing the Plaintiff to show cause why this case should not be dismissed because of the pending bankruptcies and set a deadline of December 1, 2009.  Plaintiff did not file any type of response.  Again, on December 7, 2009, the undersigned entered a Text Order directing Plaintiff to show cause why this case should not be dismissed because of the pending bankruptcies and directed a response by December 18, 2009.  The Plaintiff was directed that if no response was filed, the Court would presume no

objection and the case would be dismissed. As of this date, Plaintiff has failed to respond. The Court has no other option and recommends that Plaintiff's Complaint be dismissed for want of prosecution.

Plaintiff is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: December 21, 2009

FOR THE COURT: *s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE